# CASES

IN THE

# SUPREME JUDICIAL COURT

FOR

THE COUNTY OF SOMERSET, JUNE TERM, 1833.

---

## LINCOLN *vs.* AVERY.

Parol evidence is inadmissible to show that in writing a deed, the scrivener, *by mistake*, inserted the words "*the north half of;*" immediately preceding the No. of the lot.

THIS was an action of trespass *quare clausum fregit*. The *locus in quo* was alleged and described to be, lot No. 87, on the plan of the north half of the town of *Solon*. The cutting alleged by the plaintiff and admitted by the defendant, was on the *southerly* half of said lot. To show title, the plaintiff produced and read a deed from *Volicut O. Brown* to himself, conveying a lot of land described in the following terms — " a cer- " tain parcel of land situated in *Solon* aforesaid, being *the north* " *half of* lot No. 87, on the plan of the north half of said *So-* " *lon*, being the same *land* that I bought of *Isaac Davis*." The plaintiff contended that this deed conveyed *the whole* of said lot No. 87, and offered to prove by *Arthur Martin*, who was one of

Lincoln *v.* Avery.

the subscribing witnesses, and who wrote the deed, that he had before him at the time of writing it, the deed from *Davis* to *Brown*, and intended to describe the *whole* lot, but by *mistake*, he inserted the words, " *the north half of*," immediately preceding the No. of the lot. But *Mellen C. J.* before whom the cause was tried, rejected the evidence, and decided that, by the true construction of the deed it conveyed only the *north* half of lot No. 87.

The plaintiff thereupon became nonsuit, which was to be confirmed, or taken off and the cause stand for trial, as the opinion of the whole Court should be, upon the correctness of the ruling and decision of the *Chief Justice* at the trial.

The case was submitted without argument, and the opinion of the Court was delivered by

PARRIS J. — It is an established principle, that parol evidence is inadmissible to explain, enlarge, vary or control a written instrument. The application of this principle has been found to be most salutary in guiding to a correct decision those whose business it is to adjudicate between man and man.

Every one who has been conversant with courts, must be sensible of the danger of controlling written evidence, which is immutable, by that which depends upon memory, and which may be materially varied by the addition, omission, or even transposition of a single word.

This principle is applicable to all written contracts, but especially to those by which real estate is conveyed. — The deed offered by the plaintiff purports to convey the *north* half of lot numbered 87 in *Solon*. The cutting by the defendant, which the plaintiff charges as a trespass upon his property, was not on that part of the lot, but on the *south* half not included in the deed.

Now, if the plaintiff could avail himself of the parol evidence offered, he would prove title to the *south* half, not by deed or any instrument in writing, but by parol; and if he could hold that tract by parol, he might any other, by evidence of the same grade, directly in the teeth of the statutes, " directing the mode of transferring real estate by deed," *chap.* 36, and " to prevent frauds and perjuries," *chap.* 53.

The admission of such evidence to explain and vary the deed, and establish title, would shake the security of all the real property in the State, and overturn one of the soundest principles of evidence.

The ruling of the Judge was correct, and the nonsuit is confirmed.